DAVIDSON ET AL., APPELLANTS, *v.* ABELE ET AL., APPELLEES.

(No. 1201—Decided February 8, 1965.)

*Messrs. Fitton, Pierce & Baden,* for appellants.
*Mr. Robert F. Wessel,* for appellees.

HOVER, P. J. This is an appeal on questions of law and fact from a decree of the court below, arising out of appellants' petition for an injunction to abate appellees' operation of a mink farm in the unincorporated area of Liberty Township, Butler County, Ohio.

Plaintiffs below, appellants here, claim two causes of action: (1) a common nuisance; and (2) a violation of the Butler County Zoning Resolution relative to the use, maintenance and location of land and buildings.

The court below found that the evidence failed by the required degree of proof to show that the operation of the farm constituted a common nuisance and, accordingly, declined to grant the relief requested in appellants' first cause of action. With this finding this court is in agreement.

The decree of the court below, however, must be modified as to finding that the location of the mink ranch is in violation of the Zoning Resolution of Butler County, even though the appellants may be guilty of laches in the prosecution of

their action and, accordingly, are not entitled to relief in their second cause of action. It must be further modified as to the order prohibiting further expansion of the mink ranch or the construction of new sheds until the Zoning Resolution is complied with relative to certain requirements.

The Zoning Resolution is in evidence as plaintiffs' Exhibit "D." It recites in Article I (Purposes) that it is enacted pursuant to the authority of Chapter 303 of the Ohio Revised Code. Attention is directed specifically here to Section 303.21, Revised Code, which limits the authority of a board of county commissioners to adopt and enforce a Zoning Resolution as follows:

"Sections 303.01 to 303.25, inclusive, of the Revised Code do not confer any power on any board of county commissioners or board of zoning appeals to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located, and no zoning certificates shall be required for any such building or structure."

"Agriculture" as used in this chapter is defined in Section 303.01 to include "animal * * * husbandry."

While the Attorney General in opinion No. 3607, at page 105 of 1954 Opinions of Attorney General, held that an identical section of the Code (Section 519.21), relative to township zoning did not prevent the adoption of zoning regulations to limit the use of land for the raising of minks, thus giving the term "animal husbandry" a meaning limited to what is ordinarily considered to be the raising and use of domestic animals as that phrase is commonly understood, the Supreme Court in *Mentor Lagoons, Inc.*, v. *Zoning Board,* 168 Ohio St. 113, gave the same statutory phraseology a very board definition by holding that the agricultural use of land included the use thereof for a polo field, together with its attendant buildings for the stabling of the horses used in the playing of the game.

It is the opinion of this court that the phrase "animal husbandry" does include the operation of a mink ranch as an agricultural pursuit and, consequently, it is not within the authority of the board of county commissioners to zone.

It is for this reason that plaintiffs' second cause of action is not well taken. The decree entered in the court below will

accordingly be modified in compliance with the provisions of this opinion.

*Judgment accordingly.*

HILDEBRANT and LONG, JJ., concur.

(No. 1204—Decided February 8, 1965.)

HOVER, P. J.   This is an appeal on questions of law from a finding of the court below that the appellants are guilty of contempt of court for violating the court's injunction entered in case No. 1201 on the docket of this court decided today, and arising out of the order of the court below in that case.

The decree of the court below out of which the present contempt proceedings arises was modified on an appeal on questions of law and fact.   The modification eliminates from the decree of the court below that portion of the decree wherein the defendants here were enjoined from violating the provisions of the Butler County Zoning Resolution.

Since that portion of the decree out of which the contempt proceedings grow is determined to be an invalid order, any contempt thereunder must necessarily fail, and the conviction, therefore, is accordingly reversed and set aside.

*Judgment accordingly.*

HILDEBRANT and LONG, JJ., concur.